## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
| 201 Gibraltar Road, Suite 150 | : | CIVIL ACTION |
| Horsham, PA 19044 | : | |
|         Plaintiff, | : | |
|        v. | : | No. |
| LINDA HELM AGUEBOR | : | |
| 2120 W. Broad Street | : | |
| Athens, GA 30606 | : | |
|         Defendant. | : | |

## COMPLAINT

1.     Plaintiff, AAMCO Transmissions, Inc. ("Plaintiff" or "ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.     Defendant, Linda Helm Aguebor ("Defendant" or "Aguebor"), is an adult individual who is a citizen of the state of Georgia with a principal place of business at 2120 W. Broad Street, Athens, GA 30606.

3.     This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein. This Court also has diversity jurisdiction pursuant to 28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

4.     Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that Plaintiff resides in this District, Defendant has transacted business with Plaintiff continuously over the last several years in this District and the claims arise under contracts that were made in this District.

5.      Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
|---|---|
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

6.      ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission repair centers throughout the United States and Canada.

7.      The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above.  By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

8.      Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

2

9.      ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

10.     On February 28, 2008, ATI and Defendant entered into a franchise agreement, pursuant to which Defendant was authorized to use, and has used, the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 2120 W. Broad Street, Athens, GA  30606 (the "Center").  A true and correct copy of this franchise agreement (the "Franchise Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

11.     As provided under the Franchise Agreement, ATI shared with the Defendant its proprietary systems, information and trade secrets for opening and operating a successful automotive repair business which ATI had developed over its 50 year history.

12.     Defendant has been provided ATI's proprietary operating and technical manuals, national customer lists and proprietary software.

13.     Defendant has also received periodic in-field training, operational support, bulletins, newsletters, alerts and access to ATI's national technical hot line.

14.     Thereafter, Defendant became delinquent in making payments under the Franchise Agreement and, in order to remedy the delinquency, executed a promissory note in ATI's favor, dated November 12, 2010, in the sum of $48,616.57, with no interest, payable over ninety six (96) weeks at $500.00 per week with a final payment of $616.57 due and payable on the ninety

seventh (97th) week (the "Promissory Note").  A true and correct copy of the Promissory Note is attached hereto and made a part hereof at Exhibit "B".

      15.    The Franchise Agreement provides in pertinent part that Defendant shall:

    (a) deal fairly and honestly with AAMCO and with each customer, and that Franchisee will render prompt, workmanlike, courteous and willing service in the Center;

    (b) operate the Center in such a manner so as to avoid customer complaints, since any customer complaints cause harm to the growth of AAMCO's national identity, reputation in the marketplace and association of its name with quality repairs.  Franchisee agrees that any customer complaints generated by the Center, including but not limited to those in which customers allege abuse, fraud, deceptive or unfair trade practices, cause such harm individually and in the aggregate....

    (h) conduct business at the Center in a manner so that it will not detract from, nor bring into disrepute, the AAMCO name and marks;

    (i) comply at all times with all federal, state, provincial, county, city, municipal and other local laws, regulations and ordinances applicable to Franchisee's business....

*See* Franchise Agreement, § 8, Ex. "A."

      16.    The Franchise Agreement further provides that Defendant shall:

    (l) permit AAMCO during business hours to inspect the premises of the Center, confer with Franchisee and Franchisee's employees and customers, check equipment and inventories, methods, books and records, and perform any other inspection deemed by AAMCO to be necessary to determine the nature, quality and uniformity of service rendered at the Center in order to protect the System and to determine Franchisee's performance under this Agreement.  Franchisee specifically agrees that neither Franchisee's physical presence in the Center nor specific consent to any such inspection shall be necessary;

*See* Franchise Agreement, § 8, Ex. "A."

17.     In November of 2011, after receiving a tip from a former key employee of Defendant that Defendant was engaged in various fraudulent and/or misleading business practices, ATI commenced an investigation of the Defendant's Center.

18.     ATI conducted an investigation of Defendant's franchise which included:

    a.   Interviews with a former employee of Defendant;

    b.   Review of Repair Orders issued by Defendant's Center;

    c.   Interviews with various customers of Defendant; and

    d.   Forensic examination of several customer vehicles that had been serviced at Defendant's Center.

19.     As a result of the investigation, ATI discovered that the Defendant, in her business as an AAMCO franchisee, systematically engaged in fraudulent and deceptive practices by, among other things:

    a.   selling customers rebuilt transmissions and engines when the customers in fact received "junkyard" units that had not been rebuilt;

    b.   selling customers rebuilt torque converters when Defendant in fact merely provided used torque converters that came with the "junkyard" units;

    c.   recommending unnecessary repairs to customers;

    d.   selling unnecessary repairs to customers;

    e.   representing to customers that work was performed that was not performed; and

    f.   representing to customers that parts were replaced that were not replaced.

20.     Defendant has materially breached the Franchise Agreement, including Section 7(a) which requires that Defendant deal honestly and fairly with customers.

21.     Section 19.1(d) of the Franchise Agreement permits ATI to immediately terminate the Franchise Agreement if the termination is based in whole or in part on Defendant's failure to deal honestly and fairly with customers.

22.     Section 19.2 of the Franchise Agreement, provides that upon termination of the Franchise Agreement "for any reason", Defendant shall:

(1) promptly pay AAMCO all amounts due and owing under this Agreement;

(2) immediately and permanently discontinue the use of all AAMCO names and marks, signs, structures, all forms of advertising, telephone listings and service, manuals, software and all materials and products of any kind which are identified or associated with the System or AAMCO and return all such materials and products, including without limitation, the Operator's Manual, to AAMCO;

(3) thereafter make no representations or statements for commercial benefit that Franchisee is or ever was in any way approved, endorsed, associated or identified with AAMCO or the System in any manner whatsoever or that Franchisee is a former AAMCO franchisee; provided, however, Franchisee shall reimburse AAMCO for all customer warranty repairs made within an applicable warranty period arising from work performed at the Center;

(4) immediately take all steps necessary to amend or terminate any registration or filing of any fictitious name or any other registration or filing containing the AAMCO names and marks in order to effectuate the removal of the AAMCO names and marks from such registration or filing; and

(5) thereafter refrain from establishing any HTML or other link between any web site created, maintained or used by Franchisee and AAMCO's home page(s) or other part of its web site(s).

See Franchise Agreement, ¶ 19.2(a), attached hereto at Ex. "A".

23.     Section 20 of the Franchise Agreement, entitled "Covenant Not-to-Compete," further provides that:

For a period of two (2) years after the termination of this Agreement for any reason, which two-year period shall not begin to run until Franchisee

commences to comply with all obligations stated in this section 20, Franchisee shall not…within a radius of ten (10) miles of Franchisee's former Center and ten (10) miles of any other Center in operation at the time of termination or any Center that has commenced operation during the two-year period, begin or engage in any business the same as, similar to or in competition with such Center.

*See* Franchise Agreement, ¶ 20, attached hereto at Ex. "A".

24.     In a letter dated April 3, 2012, ATI terminated Defendant's Franchise Agreement in accordance with Section 19.1(d) and reminded Defendant of her post termination obligations under the Franchise Agreement, which include:

      a.   Promptly paying all sums due and owing to ATI;

      b.   Discontinuance of business as an AAMCO franchisee and use of the AAMCO marks;

      c.   Surrender of all signs, training materials, manuals, videos, stationery, letterhead, forms and other printed material containing AAMCO marks;

      d.   Discontinuance of all advertising as an authorized AAMCO dealer;

      e.   Promptly transferring the AAMCO advertised telephone numbers for the Center to ATI or its designee; and

      f.   Compliance with the covenant not-to-compete.

A true and correct copy of ATI's letter dated April 3, 2012 is attached hereto and made a part hereof at Exhibit "C".

25.     Despite the termination of her franchise and any further authority to continue in business under and the use of the AAMCO name, Defendant has refused to take the actions required by the Franchise Agreement to remove the AAMCO name and trademark from the Center and its signs and cease all use of ATI's systems and AAMCO merchandising materials there and, instead, using ATI's AAMCO advertised telephone number for the Center, has continued to operate the Center under the name and style "AAMCO Transmissions", to hold

herself out to be an authorized AAMCO franchisee, and to use the AAMCO trade name and trademark, without any license or right whatsoever. Further Defendant has failed to transfer the AAMCO advertised telephone number to ATI and refused to return any of ATI's trademarked or proprietary items in her possession.

26.     Despite the termination of the Franchise Agreement, Defendant has failed and refused to pay the sums due and owing to ATI under the Franchise Agreement and Promissory Note.

## COUNT I - TRADEMARK INFRINGEMENT

27.     ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 26 above.

28.     Defendant has materially breached the terms and conditions of the Franchise Agreement by failing to deal fairly and honestly with customers thereby extinguishing any contractual right of Defendant to use ATI's marks.

29.     Defendant has willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement which require Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

30.     Unless Defendant is enjoined, ATI believes and therefore avers that she will continue her infringing use of the AAMCO trade name and trademarks at the Center.

31.     Unless Defendant is enjoined, her continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

32.     Defendant's continued failure and refusal to comply with her obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

33.     The actions and conduct of Defendant as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

34.     The damages that have been occasioned by the willful trademark infringement that have been engaged in by Defendant are irreparable and continuing, and ATI has no adequate remedy at law.

35.     Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

36.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendant's profits at the Center for the period since April 3, 2012, during which she has engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II - BREACH OF FRANCHISE AGREEMENT
## SPECIFIC PERFORMANCE

37.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 36 above.

38.     As a result of the termination of Defendant's franchise, ATI is entitled to specific performance of Section 19.2 of the Franchise Agreement, which requires Defendants to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

39.     As a result of the termination of Defendant's franchise, ATI is also entitled to specific performance of Section 20 of the Franchise Agreement, which provides that for a period of two years following termination, Defendant will not, directly or indirectly, engage in the automotive repair business within a radius of ten (10) miles of the former Center or any other AAMCO center.

40.     Defendant continues to masquerade as an AAMCO franchisee and has misappropriated the goodwill generated under the AAMCO name. Further, she continues to use ATI's proprietary methods, systems, and materials, as well as the AAMCO advertised telephone number for the Center.

41.     Defendant's continuing conduct is in violation of ATI's trademark rights and the covenant not-to-compete, both of which are addressed in the express terms of the Franchise Agreement.

42.     Defendant's failure to honor the procedures after termination stated in the Franchise Agreement interfere with ATI's ability to develop the market, retain its goodwill and re-establish the presence of the AAMCO name in this market, all of which cause ATI irreparable harm.

43.     ATI has no adequate remedy at law for damages, and unless Defendant's specific performance of her post termination obligations under the Franchise Agreement is ordered and injunctive relief granted to restrain Defendant's violation of the aforesaid agreement, ATI will continue to suffer irreparable harm.

## COUNT III - COMMON LAW UNFAIR COMPETITION

44.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 43 above.

45.    Defendant's conduct is in violation of the common law of unfair competition in that she is:

    a.  causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with her business at the former Center using ATI's trade name and trademarks;

    b.  causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of her continuing business at the former Center; and

    c.  representing to the public that her competing business has ATI's approval, which it does not.

46.    These acts by Defendant have been committed willfully and with the intention of deceiving and misleading the public.

47.    Defendant's unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

48.    ATI is without an adequate remedy at law.

## COUNT IV - BREACH OF FRANCHISE AGREEMENT
## FAILURE TO PAY FRANCHISE AND OTHER FEES

49.    ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 48 above.

50.    Defendant has failed to make certain payments to AAMCO which remain due and owing pursuant to the Franchise Agreement.  To date, $33,091.75 remains due and owing from Defendant to AAMCO.  This sum is comprised as follows:

| | |
|---|---:|
| Parts Account | $ 46.74 |
| Recoverable Expense | 30,587.53 |
| Nat'l Creative Adv. | 300.00 |
| Internet Adv. | 18.93 |
| Franchise Fees | |
|    Reported | 720.27 |

| | |
|---|---:|
| Estimated[1] | 1,254.24 |
| Telephone | 12.40 |
| DirecTech | 104.86 |
| Interest | 46.78 |
| Total | $ 33,091.75 |

51.     In addition to the foregoing debt, Defendant is required, pursuant to Section 11.2(b) of the Franchise Agreement, to participate with other franchisees in their local advertising pool for the placement of local advertising.

52.     Pursuant to an agreement between Defendant and the Metropolitan Atlanta Area AAMCO Marketing Group, Inc. (the "Ad Pool"), Defendant was required to pay a weekly sum into the Ad Pool to be used for local advertising.

53.     Defendant has failed and refused to honor their Ad Pool payment obligations and ceased making weekly payments even though they continued to receive the benefit of local AAMCO advertising that continued to be placed.

54.     Section 11.2(d) of the Franchise Agreement provides that in the event Defendant fails to promptly pay his local advertising pool for local AAMCO advertising, ATI is entitled to recover the amounts due from Defendant.

55.     Defendant has failed and refused to pay the sum of $4,685.12 which sum remains due and owing.

56.     Despite ATI's demands, Defendant has failed and refused and continues to fail and refuse to pay the monies due and owing.

---

[1] Defendant failed to remit one (1) weekly business report for the week ending 4/28/12 along with the applicable franchise fees. Accordingly, the franchise fee due and owing for this business report has been estimated.

## COUNT V - BREACH OF CONTRACT
## PROMISSORY NOTE

57.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 56 above.

58.     The Promissory Note provides that its balance shall become immediately due and payable to ATI upon termination of the Franchise Agreement.

59.     The Promissory Note's unpaid balance, as of the date of this Complaint is $11,116.57.

60.     The Franchise Agreement has been terminated and the remaining balance under the Promissory Note is immediately due and payable to ATI.

61.     Despite ATI's demand, Defendant has failed and refused, and continues to fail and refuse, to pay the monies due and owing under the Promissory Note.

62.     The Promissory Note provides that ATI shall be entitled to collect attorney's fees from Defendant in the amount of 15% of the unpaid balance, or $1,667.40.

63.     Accordingly, Defendant is liable to ATI under the Promissory Note in the amount of $12,783.97 plus continuing interest.

## COUNT VI – COSTS AND ATTORNEYS' FEES

64.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 63 above.

65.     Pursuant to Section 17 of the Franchise Agreement, Defendant agreed to pay all costs incurred by ATI in bringing this action, including attorneys' fees.

66.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees from the Defendant.

67. Upon the filing of this Complaint, Plaintiff ATI has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

68. Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

## COUNT IX – DECLARATORY JUDGMENT

69. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 68 above.

70. Pursuant to 28 U.S.C. §2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendant concerning the validity, formation, operation and termination of the Franchise Agreement.

71. A dispute exists between Plaintiff and Defendant as to whether Defendant is in default of the Franchise Agreement and as to the termination of said agreement.

72. Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws. Neither Plaintiff nor its agents, employees, brokers or representatives made any misrepresentations or omissions of any material facts in connection with Defendant entering into the Franchise Agreement.

73. Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant.

74. Plaintiff has properly determined that Defendant was in violation of the Franchise Agreement as she, inter alia failed to deal fairly and honestly with customers and refused to pay sums due and owing under the Franchise Agreement.

75. Pursuant to the Franchise Agreement, Plaintiff may terminate the Franchise Agreement for one or more of the breaches set forth above.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands a judgment in its favor and a declaration that the Franchise Agreement is valid, was properly entered into, that Plaintiff has fulfilled all of its obligations under the Franchise Agreement, that Plaintiff did not misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused damage to Defendant, and that Plaintiff may terminate Defendant under the Franchise Agreement for one or more of the breaches described in the above set forth Counts of this Complaint.

## RELIEF SOUGHT

WHEREFORE, ATI requests the following relief:

A.     That Defendant, her agents, servants, officers, employees and those persons in active concert or participation with her, be preliminarily and permanently enjoined and restrained from:

> (i)     using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;
>
> (ii)    advertising or otherwise holding herself out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and,
>
> (iii)   doing anything to cause potential purchasers of automotive repair services to believe that any services or repairs performed by Defendant or any business with which she is associated originate with ATI or are endorsed or sponsored by ATI.

B.     That Defendant deliver to ATI or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, software, printed matter and

advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks.

     C.     That Defendant transfer to ATI or at ATI's direction, each telephone number listed by them under the designation "AAMCO Transmission" or any similar designation and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if she shall fail to do so, that counsel for ATI be designated by the Court as her attorney-in-fact to execute such documents in her name and in her place.

     D.     That Defendant be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of her profits from the business at the former Center and that these profits be awarded to ATI, along with all other damages for Defendant's violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

     E.     That Defendant be ordered to honor the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate, directly or indirectly, any automotive repair business for two years at or within ten (10) miles of the location of the former Center or any other AAMCO center.

     F.     That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply herewith.

     G.     That Plaintiff be awarded money damages as requested herein which damages have yet to be fully determined.

     H.     That the Court enter a Declaratory Judgment that:

(i)      Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws;

(ii)      Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant;

(iii)      Plaintiff has properly determined that Defendant is in violation of the Franchise Agreement; and

(iv)      Plaintiff may properly terminate the Franchise Agreement.

I.      That ATI be awarded its reasonable attorneys' fees, costs of court and all other and further relief to which it may be entitled.

Date: 5-11-12

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900